**P. C. WHITE TRUCK LINE, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**M. R. & R. Trucking Company et al., Intervenors.**

**No. 75–1814.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 20, 1976.

Decided March 1, 1977.

---

Petition for Review of Orders of the Interstate Commerce Commission.

Alan E. Serby, Atlanta, Ga., of the bar of the Supreme Court of Georgia, pro hac vice, with whom Bruce E. Mitchell, Atlanta, Ga., was on the brief, for petitioner.

Robert Lewis Thompson, Atty., I. C. C., Washington, D. C., with whom Fritz R. Kahn, Gen. Counsel, I. C. C., Washington, D. C., was on the brief, for respondent I. C. C. Betty Jo Christian, Atty., I. C. C., Washington, D. C., also entered an appearance for respondent I. C. C.

Lloyd J. Osborn, Atty., Dept. of Justice, Washington, D. C., with whom Barry Gross-

man, Robert B. Nicholson and Michael Pugh, Attys., Dept. of Justice, Washington, D. C., were on the brief, for respondent United States of America.

Maurice F. Bishop, Birmingham, Ala., was on the brief, for intervenor Bowman Transportation, Inc.

Harold G. Hernly, Alexandria, Va., was on the brief, for intervenor Baggett Transp. Co.

Norman J. Bolinger, Jacksonville, Fla., was on the brief, for intervenor M. R. & R. Trucking Co.

Bates Block, Atlanta, Ga., was on the brief, for intervenor Georgia Highway Express, Inc.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

We are called upon to review orders of the Interstate Commerce Commission denying petitioner's application for a certificate of public convenience and necessity authorizing certain motor carrier operations. The application was initially referred by the Commission to Joint Board 157 for oral hearings.[1] The Joint Board, in its decision on July 12, 1973, determined that the current and future public convenience and necessity required a grant of the application.[2] Exceptions to that decision were filed with the Commission by opposing carriers, and the decision was rejected by the Commission in its report and order filed December 31, 1974.[3] It is that order and the July 9, 1975, order of the Commission denying a petition for reconsideration[4] that we are asked to review.

Before the Commission issues a certificate authorizing motor carrier services, it must find, *inter alia*, that the proposed ser-

---

1. Joint Appendix (J.App.) 2.

2. *P. C. White Truck Line, Inc.*, ICC No. MC–116110 (initial decision, July 12, 1973) (unreported), J.App. 1–17.

3. *P. C. White Truck Line, Inc.*, 120 M.C.C. 824 (1974).

4. *P. C. White Truck Line, Inc.*, ICC No. MC–116110 (order denying reconsideration, July 9, 1975) (unreported), J.App. 132–133.

vice "is or will be required by the present or future public convenience and necessity." [5] The Commission established criteria in *Pan American Bus Lines Operation* [6] to aid it in ascertaining whether the public convenience and necessity warrants proposed operations:

> . . . [1] whether the new operation or service will serve a useful public purpose, responsive to a public demand or need; [2] whether this purpose can and will be served as well by existing lines or carriers; and [3] whether it can be served by applicant with the new operation or service proposed without endangering or impairing the operations of existing carriers contrary to the public interest.[7]

In its decision in this case, the Commission, despite a nod to the *Pan American* criteria,[8] actually considered only one factor—the adequacy of existing service.[9] The Commission ignored almost entirely the possible benefit to the public from increased competition which a grant of the application likely will foster.[10]

It is noteworthy that in determining the direction in which the public convenience and necessity lies, the Commission itself has stated repeatedly that adequacy of existing service is not the only measure,[11] and has frequently considered the importance of competition.[12] The courts, too, have recognized the relevance of increased competition in assessing the public interest.[13] In *Bowman Transportation v. Arkansas-Best Freight System,*[14] the Supreme Court declared:

> A policy in favor of competition embodied in the laws has application in a variety of economic affairs. Even where Congress has chosen Government regulation as the primary device for protecting the public interest, a policy of facilitating competitive market structure and performance is entitled to consideration.[15]

To be sure, as the Court pointed out, "[t]he Commission . . . is entitled to conclude that preservation of a competitive structure in a given case is overridden by other interests . . . ."[16] In that case, however, the Commission had held that the wholesomeness of competition overshadowed any adverse effects upon other carriers,[17] and the Court observed complimentarily that the Commission's conclusion "reflects the kind of judgment that is entrusted to it, a power to weigh the competing interests and arrive at a balance that is deemed 'the public convenience and necessity.' "[18]

---

5. Motor Carrier Act § 207(a), Pub.L.No.74–255, 49 Stat. 551 (1935), 49 U.S.C. § 307(a) (1970).

6. 1 M.C.C. 190 (1936).

7. *Id.* at 203.

8. *P. C. White Truck Line, Inc., supra* note 3, 120 M.C.C. at 843 (1974).

9. *Id.* at 843–848.

10. Although the Commission did state in summary of its holding that the "grant of the instant application would result in the wasteful duplication of existing services and creation of excessive capacity without a concomitant benefit to shippers or receivers," *id.* at 848, the report contains nothing specifically referable to competition which this passage could be summarizing.

11. See, *e. g., Chicksaw Motor Line, Inc.,* 121 M.C.C. 476, 499 (1975); *Arrow Trucking Co.,* 121 M.C.C. 485, 488 (1975); *Patterson Extension-York, Pa.,* 111 M.C.C. 645, 650 (1970).

12. See, *e. g., Chicksaw Motor Line, Inc., supra* note 11, 121 M.C.C. at 479; *Arrow Trucking Co., supra* note 11, 121 M.C.C. at 490; *M. R. & R. Trucking Co.,* 105 M.C.C. 69, 80 (1967).

13. See, *e. g., Bowman Transp. v. Arkansas-Best Freight Sys.,* 419 U.S. 281, 292–294, 297–299, 95 S.Ct. 438, 445–446, 447–448, 42 L.Ed.2d 447, 459–460, 462–463 (1974); *Nashua Motor Express v. United States,* 230 F.Supp. 646, 652–653 (D.N.H.1964); *Trans-American Van Servs., Inc. v. United States,* 421 F.Supp. 308, 321–324 (N.D.Tex.1976); *Lemmon Transp. Co. v. United States,* 393 F.Supp. 838, 842 (W.D.Va.1975).

14. *Supra* note 13.

15. 419 U.S. at 298, 95 S.Ct. at 448, 42 L.Ed.2d at 463.

16. *Id.*

17. *Id.* at 293, 95 S.Ct. at 446, 42 L.Ed.2d at 460.

18. *Id.*

It is that balance of competing interests which is absent here. The Commission disregarded competition as a factor worthy of attention and rested its decision solely on its finding that there was not a sufficient showing by petitioner of the inadequacy of existing service. Because the Commission failed to exercise its "power to weigh the competing interests," the orders under review must be reversed and the case remanded to the Commission for consideration of the contribution that increased competition might make to the public weal.

*Reversed and remanded.*